(54 Misc. Rep. 484.)

### DEXTER v. WATSON et al.

(Supreme Court, Special Term, New York County. May, 1907.)

**1. WILLS—CONSTRUCTION.**

Testator provided that his executors should retain and invest a certain portion of his estate for the benefit of his grandchildren living at his decease, or who should be born thereafter, and that during the life of either his daughter M. or the youngest of his grandchildren the income of one of the shares of such portion of his estate should be paid to each grandchild until his daughter M. and the youngest of his grandchildren should die, at which time the executors were to transfer to each of the survivors of his grandchildren and the issue of any who may have died the principal of one of such shares. In other provisions of his will, except in the above clause, testator had provided that, on the death of the beneficiary without issue, his share should vest in the survivors. *Held*, that the share of a deceased grandchild who died after testator and without issue should be treated as vesting in the surviving beneficiaries named in the clause.

**2. PERPETUITIES—SUSPENSION OF ALIENATION.**

Where testator created a trust fund to be payable to his grandchildren on the death of his daughter and that of the youngest of his grandchildren, there was no unlawful suspension of the power of alienation; the trust being limited to not more than two lives in being.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Perpetuities, §§ 45–56.]

**3. TRUSTS—DUTY OF TRUSTEE.**

It is the duty of a testamentary trustee to provide a fund from the income to protect the principal of the trust fund against depreciation through investment at a premium.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, § 392.]

Action by Stanley W. Dexter against Maria L. Watson and others to construe a will. Judgment rendered.

H. L. Johnson, for plaintiff.

Joseph H. Choate, Jr., for defendant Mabel Watson.

Holmes, Rapallo & Kennedy, for defendants Adele Watson, Walter W. Stokes, and Walter C. Stokes.

James Anderson Hawes, for Maria L. Watson, John Hall Watson, Cyrus R. Watson, Elizabeth R. Watson, Annie E. Packard, and Bridget Powers.

George S. Hamlin, for Marie L. Watson.

Frederick W. Murphy, for Hugo S. Mack, guardian ad litem for defendant John Hall Watson, 3d.

LEVENTRITT, J. John Hall Watson, deceased, in making provision in his will for his grandchildren, used this language:

"[Clause 5.] My said executors shall retain, lease and invest and keep leased and invested the remaining equal one twelfth part of said sixty six and

two third per cent. of my estate in equal shares for the benefit of all of my grandchildren living at the time of my decease or who shall be born thereafter and during the lifetime of either my daughter Mabel or of the youngest of my said grandchildren living at the time of my decease and shall pay or apply to the use of each of my said grandchildren the net income, rents and profits of one of said shares until my said daughter Mabel and the youngest of my said grandchildren living at the time of my decease shall both have departed this life at which time, that is to say, when both of them shall have departed this life, my said executors shall pay or transfer to each of the survivors of my said grandchildren and to the issue of each of my said grandchildren who may then have died leaving issue, the principal of one of said shares. (Such issue to take the principal of the share the parent would have taken if living.)"

One of these beneficiaries died subsequent to the death of the testator without issue. The plaintiff, as substituted trustee and administrator with the will annexed, brings this action for the construction of the clause quoted and for instructions regarding this and other parts of the will.

Two questions are propounded: (1) Does this clause effect an unlawful suspension of the power of alienation? and (2) To whom is the share of the deceased grandchild payable?

1. There is no unlawful suspension. The trust is specifically limited in duration to not more than two lives.

2. The share of the deceased grandchild should be treated as vesting in the surviving beneficiaries named in the clause. To support this view, the testator's intention must necessarily be invoked. His general scheme as outlined in the will is to leave his property in trust for different lines of descendants; and he has carefully provided in each instance, save in clause 5, that, in case of the death of a beneficiary without issue, his share should vest in the survivors. It cannot be presumed that, under the circumstances, he intended to make an exception in the case of his grandchildren. Whatever presumption there is favors the contrary construction. Furthermore, as evidence of his intention to include the clause quoted in this general plan, we find distribution directed after the termination of the lives which measure the duration of the trust to "each of the survivors of my said grandchildren" and to issue of deceased grandchildren. The contention that such distribution is to be made to each survivor of one of the shares into which the trust was originally divided is without force, when the intent of the testator is so clearly outlined, not only in the whole will, but in the specific clause under consideration.

The next question presented is whether the plaintiff as substituted trustee is vested with the power of sale. Such a power was confided to the executors and trustees under the will. Practically all of the testator's property was devised in trust. It is evident from reading the will that the power of sale formed an integral part of the trust, and that it was indispensable and necessary to its proper management and conservation. Therefore the decree of the surrogate, vesting the plaintiff with all the powers and duties of the trustees under the will, operated to vest in him the power to sell.

The remaining question to be determined is whether the plaintiff is justified in establishing a sinking fund from the income of the estate to protect the principal of the trust fund against depreciation through

investments at a premium. These investments are in securities sanctioned by the testator in the will; and, under the authority of Matter of Stevens, 187 N. Y. 471, 80 N. E. 358, it is the duty of the plaintiff to provide a fund from the interest or income looking to the preservation of the principal intact from any loss or depreciation through premiums on investments made by him or by his predecessors. Such a fund should therefore be created.

Other questions are urged which affect the validity of a substantial portion of the trust devise.

I am of the opinion, however, that, under the issues as framed and limited by the pleadings, these questions are not properly raised and should not now be considered, but should be remitted to the occasion of another action. Judgment accordingly.